IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADOLFO ANGEL MACIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-849-L-BN |
| | § | |
| WARDEN, ROLLING PLAINS | § | |
| DETENTION CENTER, ET AL., | § | |
| | § | |
| Respondents. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Adolfo Angel Macias, at the time of filing detained by the Department of Homeland Security in the custody of the Warden of the Rolling Plains Correctional Facility, filed through counsel, a petition pursuant to 28 U.S.C. § 2241, asserting that his continued detention "for 353 days without bond pursuant to ... 8 U.S.C. § 1226(c)(1)(A)" violated his due process rights. Dkt. No. 1.

Respondents, through the United States Attorney for this district, filed a response on May 31, 2016, asserting that "[t]he petition should be dismissed because the removal order became final on May 18, 2016, mooting [Macias's] claim for relief." Dkt. No. 4. Macias did not file a reply brief.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition as moot.

### Applicable Background

Macias, a native and citizen of Mexico, was convicted of burglary of a habitation,

in violation of Texas Penal Code § 30.02, *see* Dkt. No. 1-12; Dkt. No. 5 at 17-22, a conviction that led an Immigration Court (the "IC") to order his removal from the United States as an alien convicted of a crime involving moral turpitude, *see* Dkt. No. 1-2; Dkt. No. 5 at 12-16; *see also* 8 U.S.C. § 1182(a)(2)(A)(i)(1). Macias appealed that decision, and the Board of Immigration Appeals (the "BIA") remanded. *See* Dkt. No. 1-5; Dkt. No. 5 at 9-11. The IC again ordered Macias removed, he again appealed, and the BIA dismissed the appeal. *See* Dkt. No. 1-8; Dkt. No. 5 at 3-8. The removal order is now final.

## Legal Standards and Analysis

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (respectively quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *Church*

*of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

When Macias filed his petition, the BIA had not dismissed his second appeal. But, when that appeal was dismissed, the removal order "became administratively final," and "the Attorney General's authority to detain [Macias] shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot [Macias's] claim challenging his detention under 8 U.S.C. § 1226." *Carbajal*, 43 F. Supp. 3d at 1189-90 (collecting cases, including *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231. As a technical matter, the issue was not mooted by his later release from custody, because it had already been mooted by the BIA's final removal order, from which Oyelude may not seek habeas relief.")); *see Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011) ("Because Quezada is no longer detained under § 1226(c), and his case does not satisfy the 'capable of repetition yet evading review' exception to mootness, this Court is constrained to grant the government's motion to dismiss the case as moot." (citing *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (per curiam) (affirming dismissal of a Section 2241 petition challenging detention under Section 1226(c) because the BIA's dismissal of an appeal from the order of removal rendered the habeas petition moot, noting that "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a

favorable judicial decision")))[1].

The removal order becoming final means that Macias may no longer challenge, under Section 2241, his pre-order detention. *See Oyelude*, 170 F. App'x at 367 n.4. Therefore, because the Court can no longer provide Macias habeas relief, this action is moot and subject matter jurisdiction is lacking.

## Recommendation

The Court should dismiss the Section 2241 petition as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] *See also McAlpine v. Ridge*, No. 3:04-cv-1236-G, 2004 WL 2389448, at *5 (N.D. Tex. Oct. 5, 2004) ("Subsequent to the filing of the petition, the BIA affirmed the immigration judge's decision declaring McAlpine removable. The BIA decision constitutes a final removal order. Therefore, McAlpine is no longer being detained under 8 U.S.C. § 1226; rather, he is being detained under a wholly different statute, 8 U.S.C. § 1231(a)(2).... Since the BIA affirmed the decision that McAlpine was removable under the authority of § 1227(a)(2)(E)(i), the Attorney General is required to detain him under § 1231(a)(2), not § 1226(c). The only issue raised in McAlpine's petition is the constitutionality of his confinement pursuant to the automatic stay provision of 8 C.F.R. § 1003.19(i)(2), which is authorized by 8 U.SC. § 1226(c). The Attorney General is no longer acting under the authority of the challenged statute, § 1226(c); rather, he is detaining McAlpine pursuant to § 1231(a)(2), which McAlpine has not challenged. Since McAlpine is no longer being held under § 1226(c), it is unneccessary for the court to address McAlpine's claim that the automatic stay provision is unconstitutional on both substantive and procedural due process grounds. Any such decision would be advisory in nature. Because there is no case or controversy before the court, McAlpine's claim has become moot; therefore, this court lacks jurisdiction over his petition." (citations omitted)).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE